## JOE DARTER v. THE STATE.

### No. 2380.    Decided June 25, 1902.

**1.—Sentence—Reasons Why It Should Not Be Pronounced—New Trial.**

Defendant was convicted at the October term, 1901. No motion for new trial was then presented nor was any statement of facts made or bill of exceptions then filed. Defendant escaped from custody, and, after his recapture, was brought before the court at its April term, 1902, for sentence. When asked why sentence should not be pronounced, he presented a motion for new trial and asked that it be heard, which the court refused to do. Held, if it be conceded that defendant had the right, under the circumstances stated to file and demand a hearing upon his motion for new trial, still the refusal of the court to permit it would not constitute reversible error where it was not shown that some injury was done the rights of defendant or he was deprived of some constitutional right.

**2.—Same—Absence of Statement of Facts.**

The refusal to hear a motion for new trial presenting reasons why sentence should not be pronounced, will not constitute reversible error where the various matters urged in said motion can not be considered intelligently by the court on appeal in the absence of a statement of facts and bills of exception filed as required by statute.

**3.—Same—Misconduct of Jury.**

A motion for new trial based upon the misconduct of the jury, will not be considered by this court, which does not inform the trial court or this court what the facts are in regard to the alleged misconduct.

Appeal from the District Court of Madison, on change of venue from Walker County. Tried below before Hon. J. M. Smither.

Appeal from a conviction of murder in the second degree; penalty, five years imprisonment in the penitentiary.

The indictment charged appellant with the murder of Frank Ward, on the 9th day of December, 1896, by shooting him with a pistol.

The following statement is taken from appellant's brief, viz: The appellant, Joe Darter, was indicted on the 29th day of March, 1897, in Walker County, Texas, for the murder of Frank Ward, on the 9th day of December, 1896. At the October term, 1901, of the District Court of Madison County, Texas (on change of venue to this county), defendant was found guilty of murder in the second degree by the jury, and his punishment assessed at five years in the penitentiary. Sentence was not pronounced at said term of the court, and there was no motion for a new trial or motion in arrest of the judgment in said cause, until the April term, 1902. Sentence was pronounced at the April term, 1902, and when the court asked defendant, at said term, before pronouncing sentence, if he had anything to say why sentence should not be pronounced against him, he for the first time offered his motion for a new trial, stating, in reply to the court's question, that he had good grounds for a motion for a new trial. The court refused to entertain defendant's motion. Sentence was pronounced. Notice of appeal was given. A statement of the facts, and motion for ten days to make up, prepare and have filed a statement of the facts in vacation after adjournment was denied defendant, and the court refused to take any action in said cause further than to enter said notice of appeal, and sign defendant's bills of exceptions, assigning his reasons therein, and defendant prosecuted this appeal from the judgment and sentence of said district court.

The substance of defendant's motion for new trial is set out in the opinion.

*J. M. Brownlee* and *Carl T. Harper,* for appellant, cited Code Crim. Proc., arts. 838, 839, subdiv. 3; Johnson v. State, 14 Texas Crim. App., 311; Tooke v. State, 23 Texas Crim. App., 10; Daugherty v. State, 33 Texas Crim. Rep., 173.

The court erred in refusing to allow a statement of the facts to be filed, or to be sent up to the Court of Criminal Appeals with the record on appeal, and in refusing to sign and certify to a statement of the facts in said cause, and in failing to cause counsel for the State to make up and prepare a statement of the facts to be submitted for his approval after appeal had been perfected in said cause.

Defendant having been found guilty of murder in the second degree, in this case, he could not appeal until after sentence had been pronounced against him, and having the right then to appeal, he could not legally be deprived of a hearing in the appellate court upon the record in the case, and he could not legally be denied his statement of the facts, on appeal, adduced upon the trial of said cause; and to deny defendant

this right would virtually deprive him of his constitutional right of appeal.

On the sentence and time for appeal, see Code Crim. Proc., arts. 832, 834 and 837; Roan v. State, 3 Texas Ct. Rep., 753; Arcia v. State, 9 S. W. Rep., 685; Jones v. State, 66 S. W. Rep., 559; Smith v. State, 1 Texas Crim. App., 408; Hart v. State, 14 Texas Crim. App., 323; Taylor v. State, 14 Texas Crim. App., 340; Walters v. State, 18 Texas Crim. App., 8; Smith v. State, 1 Texas Crim. App., 516; Pennington v. State, 11 Texas Crim. App., 281; Madison v. State, 17 Texas Crim. App., 479.

As to defendant's right to statements of facts on appeal, see Code Crim. Proc., art. 824; Babb v. State, 8 Texas Crim. App., 173; Preston v. State, 15 Texas Crim. App., 336; Johnson v. State, 16 Texas Crim. App., 372.

As to signature of trial judge, see Bennett v. State, 16 Texas Crim. App., 236, and cases therein cited; Graham v. State, 10 Texas Crim. App., 684; Wade v. State, 2 S. W. Rep., 594.

*Rob't A. John,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was convicted of murder in the second degree, the penalty·affixed being five years confinement in the penitentiary.

The first bill of exceptions complains of the following, to wit: At the previous term of the court appellant was tried and convicted of murder, and motion for new trial was not filed and sentence was not pronounced at said last term, and on April 22, 1902, during the following term, appellant was brought before the court that he might be sentenced; and before pronouncing sentence against defendant, the. court asked him whether he had anything to say why the sentence should not be pronounced against him. Whereupon defendant stated that he had not had a motion for new trial and that he had good ground for new trial; and said motion, before sentence was pronounced, was immediately offered by defendant, which a few minutes prior thereto had been filed by the clerk of the court. Which motion is substantially to the effect: The first clause complains of the charge of the court. The. second clause of the separation of the jury. The third complains that the jury were allowed to mix and mingle with other people, such as to amount to a separation, injuring the rights of defendant. The fourth that one of the jurors who tried appellant had signed and acknowledged a "lie bill" and had been impeached in a court of competent jurisdiction; that defendant did not know said facts, or that such juror was so corrupt, and had no way of ascertaining said facts and knowledge or information at the time of the trial. The fifth clause complains that the jury received other testimony than that given upon the trial. The sixth clause complains of the same matter. The seventh clause insists that defendant acted in self-defense. And the eighth and ninth clauses

insist that the evidence is insufficient to support the verdict, and contrary to the law.

And the bill further states that the court refused and failed to hear defendant in support of his motion, or entertain said motion, or to hear any testimony or proof offered by defendant in support of said motion, or to hear argument of counsel for defendant, or to enter or dispose of the same, or to make any entry or record whatever of any of the proceedings, or to make any entry of his acts or his refusal to act. The trial court approves this bill, with the following explanation: "This cause was tried at the October term, 1901, the jury returning a verdict into court on the 24th day of October, 1901, finding defendant guilty of murder in the second degree and assessing his punishment at confinement in the penitentiary for a term of five years; and defendant was returned to jail pending a motion for new trial in the event it was determined to prepare and present one. And on the next morning it was discovered defendant had broken jail and escaped from custody, and he remained at large until recaptured by the sheriff of this county on or about the 16th day of February, 1902, and has since been in jail. And on account of failure to file and present a motion for a new trial within the time prescribed by law after judgment had been rendered and entered at said October term, 1901, and said escape, the court refused to entertain any motion for new trial at this term."

In support of his contention that the court erred, appellant cites article 838, Code of Criminal Procedure, which provides: "Before pronouncing sentence in a case of felony, the defendant shall be asked whether he has anything to say why sentence should not be pronounced against him." Article 839: "The only reasons which can be shown on account of which sentence can not be pronounced are: 1. That defendant has received a pardon. 2. Insanity. 3. Where there has not been a motion for a new trial, or a motion in arrest of judgment made, the defendant may answer that he has good grounds for either or both of these motions, and either or both motions may be immediately entered and disposed of, although more than two days may have elapsed since the rendition of the verdict." In addition to these articles, appellant refers us to the case of Johnson v. State, 14 Texas Crim. App., 311, wherein we held: "When the court asked appellant, when proceeding to sentence him, if he has anything to say why the sentence of the law shall not be pronounced against him, and after asking said question refused to permit appellant to answer the question and the right to answer it in a legal manner, and such action of the court is presented to us by proper bill of exceptions, we would undoubtedly set aside the sentence and accord to defendant his legal right to be heard in bar thereof, or where such a state of case is not presented we will presume that the trial court has obeyed the law in pronouncing the sentence." If we concede, as insisted by appellant, the last cited authority supports the proposition that appellant would have the right to file his motion before sentence under any contingency; yet, where the court refused to grant

this right, it must appear therefrom that some injury has been done the rights of appellant, and he has been deprived of some legal or constitutional right. Does the bill of exceptions before us present such a condition as authorizes the reversal of this case? We think not? Among other things appellant complains of the charge of the court. These and various other matters urged by appellant could not be intelligently considered by us in the absence of a statement of facts. The other matter set up could not be passed upon by us, or by the trial court for that matter, after the adjournment of the court, because appellant had lost his right to statement of facts and bills of exception as to any matter arising during the first or trial term, as the same were not filed as required by statute. Without the evidence we are unable to revise the alleged errors in the charge. The motion for new trial does not inform either the trial court or this court what the facts are in regard to the alleged misconduct of the jury. It simply, as a ground thereof, stated that the jury separated and reached their verdict by "lot," without stating a fact showing either condition, and it is not verified in any manner. The other bills of exception complain of the refusal of the court to award him a statement of facts, and matters kindred thereto, which we do not deem necessary to further discuss. No error appearing in the record, the judgment is affirmed.

*Affirmed.*